# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MASON BURBANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-257 |
| | ) | |
| JEFF HEIN, *Jail Administrator*, | ) | |
| OFFICER LARAMIE, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 11:25 am, Jan 22, 2019

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Mason Burbank brings this 42 U.S.C. § 1983 action against an officer and a jailhouse administrator for the violation of his rights. Doc. 1. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 5, and he returned the necessary forms. Docs. 6 & 7. The Court now screens his Amended Complaint (doc. 8) pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

## I. Background

In September 2018 as Burbank was taking his seizure medication,

Officer Laramie checked his mouth to verify that he swallowed his pills. Doc. 8 at 6. Laramie then flashed his flashlight into Burbank's eyes, and "purposefully hit the strobe function." *Id*. A nurse intervened, chastising Laramie that he couldn't "play" like that. *Id*. Burbank filed a grievance, and Administrator Hein spoke with Laramie. *Id*. Laramie, however, seized his next opportunity and flashed the strobe light in Burbank's eyes at an October 2018 pill call. *Id*. The same nurse, and two other inmates, witnessed the incident. *Id*. Burbank filed another grievance, and this suit, seeking an injunction and restraining order to keep Laramie away from him as well as nominal and punitive damages. *Id*. After all, he alleges, "seizures can be fatal and Laramie knew [Burbank] could die by his actions." *Id*.

## II. Analysis

### A. Officer Laramie

Liberally construing his allegations,[1] Burbank alleges he was subjected to excessive force by Officer Laramie. Doc. 8 at 6. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual

---

[1] *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

punishment forbidden by the Constitution.[2] *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. *See Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). A prisoner must prove both that the prison official's conduct was objectively "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the force was used "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." *Whitley*, 475 U.S. at 320-21; *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the use of force does not violate the Constitution if it is applied "in a good-faith effort to maintain or restore discipline").[3]

---

[2] The Due Process Clause of the Fourteenth Amendment functions to provide pre-trial detainees with essentially the same level of protection as that afforded convicted prisoners by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985). As a pretrial detainee at Liberty County Jail, plaintiff's claim is evaluated under the same standard as that of a prisoner. *Hamm,* 774 F.2d at 1572 (the Eighth and Fourteenth Amendments give equivalent protections against excessive force); *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 n. 5 (11th Cir. 2009) (Eighth Amendment decisional law is also applicable to Fourteenth Amendment claims).

[3] To determine whether the force was used for the "malicious and sadistic purpose of causing harm" or was applied in good faith, courts consider "the need for the application of force, the relationship between that need and the amount of force used, the extent of injury that the inmate suffered, the threat reasonably perceived by the

A strobe light maliciously shined into a seizure-prone individual's eyes, intended to trigger an epileptic seizure that just happened not to do so,[4] provides a unique danger. *See, e.g., Eichenwald v. Rivello*, 318 F. Supp. 3d 766, 775 (D. Md. 2018) (exposing the recipient to an image intended to cause an epileptic seizure constituted assault and battery under state law, and emphasizing that the strobe light *itself*, despite being "only" a "beam of light," was a physical tool causing harm within the meaning of Supreme Court jurisprudence). Though usually discussed in the context of punches, kicks, "rough rides" and other physical altercations, the Eighth Amendment generally "prohibits such malicious

---

responsible officials, and any efforts made to temper the severity of the forceful response." *Hudson*, 503 U.S. at 7; *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009); *Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs*, 456 F. App'x 845, 848 (11th Cir. 2012).

The heightened specific-intent requirement of purposeful or knowing conduct for Eighth Amendment excessive force claims is far more stringent than deliberate indifference, often equated with recklessness, that is required for other Eighth Amendment claims. *Hudson*, 503 U.S. at 5-7.

[4] A crucial component of this analysis is that a plaintiff must allege that the force used was more than *de minimis*. *Hudson*, 503 U.S. at 9-10. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* at 9. While a plaintiff need not suffer a "significant injury" to plead an excessive force claim, *id.* at 7, an altercation without *any* injury amounts to no more than a *de minimis* use of force. *C.f. Hudson*, 503 U.S. at 10 (blows causing bruising, swelling, loosened teeth, and a cracked dental plate suggested more than *de minimis* force). The Court is not prepared, at this juncture, to determine that the concrete risk of an epileptic seizure, different in kind and nature as it is from garden variety slings and pushes, comprises no injury at all and warrants dismissal at the screening stage.

acts of violence or intentional endangerment." *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 102 (4th Cir. 2017). A strobe light to the eyes, given Burbank's known vulnerability to such a gratuitous punishment, is "simply a different means of effectuating the same constitutional violation. To draw a line between these acts would encourage bad actors to invent creative and novel means of using unjustified force on prisoners." *Id*. Particularly so, given that the second incident was (allegedly) made in retaliation for Burbank's complaint about the first incident. There is enough meat to this claim that a response from Officer Laramie is necessary.

### B. Administrator Hein

Plaintiff also levels a failure-to-protect claim against Administrator Hein. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 14 (11th Cir. 2010)

(quote and cite omitted). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quote and cite omitted).

Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." *Smith*, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). As for

the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" *Miller v. King*, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. *Id.* (quoting *Chandler*, 379 F.3d at 1289-90).

Here, plaintiff alleges that after the first strobe light incident, he filed a grievance and Administrator Hein promptly responded by "talk[ing] to" Laramie. Doc. 8 at 6. The verbal reprimand from an administrator, however, proved insufficient to deter Laramie from doing it again. *Id.* Burbank does not allege that Hein intended for his words to fall on deaf ears, nor that Hein ignored his plight. As alleged, Hein merely assumed that Laramie would listen. *See id.* These allegations, even assuming they could support a negligence claim, do not rise to the level of an Eighth Amendment violation. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *quoted in McCoy v. Webster*, 47 F.3d 404,

408 (11th Cir. 1995). Thus, to constitute cruel and unusual punishment, "conduct that does not purport to be punishment . . . must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319. In other words, "[m]erely negligent failure to protect an inmate from attack does not justify liability under [42 U.S.C.] § 1983." *Stuckey v. Thompson*, 2007 WL 1035134 at *5 (S.D. Ga. Mar. 29, 2007) (citing *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)). Plaintiff has not presented facts sufficient to show that Administrator Hein acted with more than negligence by failing to do more than a verbal warning to Laramie that he must not use the strobe function on his flashlight around Burbank.

In sum, plaintiff's claim against Officer Laramie survives frivolity review. The Clerk is **DIRECTED** to forward a copy of this Order, along with Burbank's Amended Complaint, to the Marshal for service upon the defendant. His claim against Administrator Hein, however, should be **DISMISSED**.[5]

---

[5] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation (R&R) within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period if he believes it would cure the legal defects

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $8.66 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 6. He therefore owes an initial partial filing fee of $1.72. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $1.72 to the Clerk of Court and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[6]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should

---

discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)).

[6] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 22nd day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA