## UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  GEORGIA
## SAVANNAH  DIVISION

MASON BURBANK,      )
                      )
      Plaintiff,      )
                      )
v.                    )      CV418-257
                      )
OFFICER RHETT LERMY,      )
                      )
      Defendants.      )

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Mason Burbank's 42 U.S.C. § 1983 complaint against Officer Rhett Lermy was approved for service (docs. 9 & 11) and a waiver of service was returned executed by Officer Lermy on March 8, 2019 (doc. 12 at 2). Lermy, however, failed to timely answer the Complaint, so a Clerk's entry of default was docketed. Doc. 15 (clerk's entry of default against Officer Lermy filed April 10, 2019). More time passed, and plaintiff timely sought entry of default judgment. Doc. 17 (signature-filed April 15, 2019). Lermy has answered, albeit out of time, arguing that default should be set aside because his failure to respond was neither willful nor culpable and he has acted promptly to cure

the default, he has a meritorious defense, and setting aside the default would not prejudice the plaintiff. Doc. 18 at 2 (explaining that Lermy had initially been — incorrectly — advised that Liberty County would represent him and that the delay was due to this erroneous advice by a Liberty County jail administrator). Plaintiff, of course, opposes and moves for default judgment. Docs. 17 & 19.

Under Fed. R. Civ. P. 55(a), a party is entitled to entry of default when it has shown an adverse party has failed to plead or otherwise defend against a complaint through affidavit or otherwise. However, the Court may set aside an entry of default for good cause under Fed. R. Civ. P. 55(c). *Murphy v. Farmer*, 176 F. Supp. 3d 1325, 1340 (N.D. Ga. 2016). This standard considers whether the default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Other factors include the public interest, significance of financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *Id*.

Lermy executed the waiver of service believing the County would represent him and, when he learned that he was both unrepresented and in default, promptly moved to remedy both deficiencies. Thus, Lermy's failure to timely respond was not caused by willfulness, dilatory motive, or bad faith. Nor will plaintiff suffer any prejudice or financial loss as a result of Lermy's late filing. Furthermore, there is a strong policy of determining cases on their merits and a corresponding disfavor of defaults. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."); *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1480 (N.D. Ga. 1997) ("defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes."). Plaintiff, despite his consternation at this "intolerable" result, doc. 19 at 2, has not pointed to any fact that overwhelms the preference for resolution on the merits.

In sum, Lermy's motion to set aside entry of default (doc. 18) should be **GRANTED** and Burbank's motion for default judgment (doc. 17)

should be **DENIED**.  Further, a stay of the deadline for Lermy to respond to plaintiff's complaint, until the District Judge takes final action on the R&R, is appropriate.  Defendant is thus **ORDERED** to file his response to the Complaint within seven days of entry of the District Judge's written Order.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this ___22nd___ day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA