IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MASON BURBANK, | * |
| | * |
| Plaintiff, | * CIVIL ACTION FILE |
| | * NO. 4:18-cv-00257-WTM-CLR |
| v. | * |
| | * |
| OFFICER RHETT LERMY, | * |
| | * |
| Defendant. | * |
| | * |

**DEFENDANT OFFICER RHETT LERMY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW defendant Rhett Lermy ("defendant") and files his answer and defenses to plaintiff Mason Burbank's pro se Amended Complaint (Doc. 8), showing the Court as follows:

**FIRST DEFENSE**

Some or all of plaintiff's complaint fails to state a claim against defendant upon which relief can be granted.

**SECOND DEFENSE**

The claims and allegations in plaintiff's complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any alleged deprivation does not rise to the level of a constitutional violation.

**THIRD DEFENSE**

Defendant shows that Plaintiff was not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did Defendants violate the rights of Plaintiff under any provisions of or amendments to the United States Constitution, any other

United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

### FOURTH DEFENSE

The alleged conduct of defendant, sued in his individual capacity, was discretionary in nature, did not violate any clearly established constitutional right of which every reasonable officer would have had fair notice, and was likewise objectively reasonable, thereby entitling defendant to qualified immunity from plaintiff's claims.

### FIFTH DEFENSE

To the extent that plaintiff has attempted to assert state-law claims against defendant, in his individual capacity, such claims are barred by official immunity because defendant's acts were carried out in the good faith performance of his official, discretionary duties and without actual malice or actual intent to cause injury to plaintiff.

### SIXTH DEFENSE

No act or omission of defendant either proximately caused or contributed to any damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against defendant.

### SEVENTH DEFENSE

To the extent as may be shown by the evidence, plaintiff is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

### EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that plaintiff did not exhaust his administrative remedies in compliance with the Prison Litigation Reform Act.

**NINTH DEFENSE**

To the extent as may be shown by the evidence through discovery, defendant asserts the defense of waiver, estoppel, failure to mitigate damages, and discharge in bankruptcy.

**TENTH DEFENSE**

Defendant did not breach any duty he may have owed to plaintiff based upon the allegations contained in plaintiff's complaint.

**ELEVENTH DEFENSE**

Plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff or others and not from any conduct of defendant or those over whom defendant had any control.

**TWELFTH DEFENSE**

No act or omission of defendant either proximately caused or contributed to any damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against defendant.

**THIRTEENTH DEFENSE**

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of their investigation and discovery.

**FOURTEENTH DEFENSE**

Responding to the allegations in plaintiff's amended complaint, defendant answers as follows:

I.

Defendant can neither admit nor deny the allegations contained in paragraph I, entitled "Previous Lawsuits," for want of sufficient information such that the allegations are deemed denied.

II.

Responding to the allegations contained in paragraph II, entitled "Place of Present Confinement," defendant admits only that the Liberty County Jail has a grievance procedure. Defendant denies the remaining allegations in paragraph II of plaintiff's complaint and specifically denies that Plaintiff exhausted his administrative remedies at the Liberty County Jail prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

III.

Defendant states that paragraph III, entitled "Parties," does not set forth any factual allegations and therefore does not require a response from defendant. To the extent that a response is required, defendant admits that he has been named as defendant in this action but denies any and all liability for the claims asserted.

IV.

Responding to the allegations contained in paragraph IV, entitled "Statement of Claim," defendant responds as follows:

In response to the unnumbered paragraph beginning "At the end of September, 2018…," defendant admits only that he checked plaintiff's mouth to verify he had taken pills prescribed to him, and that plaintiff informally complained to the Jail Administrator who discussed the incident with defendant. Defendant denies any remaining allegations in this paragraph.

In response to the unnumbered paragraph beginning "On October 31, 2018…," defendant admits that he checked plaintiff's mouth at pill call but denies all remaining allegations in this paragraph.

In response to the unnumbered paragraph beginning "I immediately filed a 2nd grievance…" defendant admits only that he continues to work at Liberty County Jail. Defendant denies the remaining allegations in this paragraph.

In response to the unnumbered paragraph beginning "Everything happened at the door . . .," defendant denies all allegations in this paragraph.

Further responding to the totality of allegations in paragraph IV, defendant specifically denies that he used excessive force against plaintiff or violated any of his constitutional rights.

V.

Defendant denies the allegations contained in paragraph V, entitled "Relief," and specifically denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

VI.

Except as expressly admitted, denied or otherwise responded to, defendant denies all allegations contained in plaintiff's complaint.

WHEREFORE, having fully listed his defenses and having fully answered plaintiff's complaint, defendant prays as follows:

(a)     That judgment be entered in favor of defendant and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANTS DEMANDS TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 3rd day of July, 2019.

- 6 -

        **FREEMAN MATHIS & GARY, LLP**

        */s/ Sun S. Choy*
        Sun S. Choy
        Georgia Bar No. 025148
        schoy@fmglaw.com

        */s/ Wesley C. Jackson*
        Wesley C. Jackson
        Georgia Bar No. 336891
        wjackson@fmglaw.com

        Attorneys for Defendant Rhett Lermy

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT OFFICER RHETT LERMY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants, and have mailed via United States Postal Service, postage prepaid, to:

Mason Burbank 99577
Liberty County Jail
180 Paul Sikes Dr.
Hinesville, GA 31313

This 3rd day of July, 2019.

/s/ Wesley C. Jackson
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
 Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960