IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MASON BURBANK, | * |
| | * |
| Plaintiff, | * CIVIL ACTION FILE |
| | * NO. 4:18-cv-00257-WTM-CLR |
| v. | * |
| | * |
| OFFICER RHETT LERMY, | * |
| | * |
| Defendant. | * |
| | * |

### DEFENDANT'S MOTION TO STAY DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW defendant Rhett Lermy and, pursuant to Federal Rule of Civil Procedure 26(d) and L.R. 26.1, files this motion to stay all discovery in this action pending the Court's consideration of and ruling on defendant's motion to dismiss (Doc. 23). As grounds for this motion, defendant shows the following:

#### I.   PROCEDURAL AND FACTUAL BACKGROUND

Defendant has filed a motion to dismiss arguing that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Doc. 23.) Defendant notes that plaintiff has not formally responded to the motion to dismiss. Because defendant's motion to dismiss was filed on May 21, 2019, and mailed to plaintiff that day, plaintiff's deadline to file a response was June 7, 2019. See L.R. 7.5; Fed. R. Civ. P. 6(d). Plaintiff has sent the Court a letter stating his belief that he is not required to respond to the motion to dismiss as a motion to enter default judgment was pending, and plaintiff sought "basic procedural guidance" with respect to the motion, but he has not filed a response. (Doc. 25.) The Court has since denied plaintiff's motion for entry of default judgment (see Doc. 28), but plaintiff still has

not field a response to the pending motion to dismiss. The Court entered a scheduling notice providing for certain deadlines for specific pleadings and discovery (Doc. 30.)

## II.     ARGUMENT AND CITAITON TO AUTHORITY

In the interests of efficiency and justice, and to prevent undue burden and expense, defendant now requests that all discovery be stayed pending the Court's consideration of and ruling on defendant's motion to dismiss.

This Court has broad discretion to control discovery. Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1263 (11th Cir. 2002). In exercising that discretion, this Court should stay discovery in this matter, thereby relieving the parties from having to expend additional time and resources pending a ruling on defendants' motion to dismiss. Any discovery conducted before such a ruling would likely be overly broad and encompass claims that are subject to dismissal. This is especially true here, where plaintiff's entire complaint is due to be dismissed for failure to exhaust his administrative remedies. As the Eleventh Circuit has noted, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996); see also Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Defendant recognizes that the usual early planning conference and initial disclosures contemplated under Federal Rule of Civil Procedure 26 are not required in this matter. See Fed. R. Civ. P. 26(f)(1) (exempting from the early planning conference requirement cases exempted from the initial disclosure requirement); 26(a)(1)(B)(iv) (exempting "an action brought without an

attorney by a person in the custody of the United States, a state, or a state subdivision" from the initial disclosure requirement."). Even so, the 140-day discovery period has begun to run. (See Doc. 30.) Accordingly, defendant requests that all discovery requirements and deadlines that may be contemplated under the Federal Rules of Civil Procedure, this Court's local rules, or this Court's Scheduling Notice (Doc. 30) be stayed pending the resolution of defendant's motion to dismiss.

For these reasons, an order staying all discovery pending the Court's ruling on defendant's motion to dismiss will protect the parties from expending time, effort, and resources on potentially void claims or issues.

### III.   CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant his motion and stay all discovery in this matter pending the Court's consideration of and ruling on his motion to dismiss.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

/s/ Wesley C. Jackson
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com

Attorneys for Defendant Rhett Lermy

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT'S MOTION TO STAY DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants, and have mailed via United States Postal Service, postage prepaid, to:

Mason Burbank 99577
Liberty County Jail
180 Paul Sikes Dr.
Hinesville, GA 31313

This 16th day of July, 2019.

/s/ Wesley C. Jackson
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
 Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960