# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MASON BURBANK,            )
                          )
    Plaintiff,         )
                          )
v.                        )          CV418-257
                          )
OFFICER RHETT LERMY,      )
                          )
    Defendant.         )

## ORDER

Before the Court is defendant Lermy's Motion to Stay Discovery, doc. 32, and Motion for Extension of Time to Respond to Plaintiff's Requests for production of Documents, doc. 35. Also before the Court are a letter from plaintiff, doc. 25, plaintiff's Motion to Appoint Counsel, doc. 31, and Motion to Direct defendant to respond to discovery, doc. 33. For the following reasons, the Court **GRANTS** defendant's motion to stay and motion for extension of time. Docs. 32 & 35. The Court **DENIES** plaintiff's motion to appoint counsel and motion to direct. Docs. 31 & 33. The Court **CONSTRUES** plaintiff's letter as a motion for extension of time to respond to plaintiff's motion to dismiss. Finally, the Clerk of Court is **DIRECTED** to **TERMINATE** plaintiff's request for an injunction and

temporary restraining order. Accordingly, the Court will grant plaintiff thirty days from the date of this Order to respond to the motion to dismiss.

Plaintiff filed this case alleging that defendant Lermy intentionally flashed a strobe light into his eyes. Doc. 1. After screening, the Court allowed the claims against defendant Lermy to proceed. Doc. 9. The Complaint was served and defendant Lermy returned a waiver of service. Doc. 12. However, a timely answer was not filed and a Clerk's Entry of Default was filed. Doc. 15. However, defendant Lermy appeared through counsel and filed a motion to set aside the default. Doc. 18. A month after that motion was filed, but before the Court had ruled on the Motion to Reopen Default, defendant filed a Motion to Dismiss. Doc. 23. Plaintiff filed a letter in response requesting guidance on whether a response was necessary as the case was in default. Doc. 25. After review, the Court **CONSTRUES** this letter, doc. 25, as a motion for extension of time to respond to the Motion to Dismiss. Accordingly, plaintiff is **DIRECTED** to file a response to plaintiff's motion to dismiss within 30 days of the date of this Order. Failure to respond will result in the motion being treated as unopposed.[1]

---

[1] The Clerk of Court is **DIRECTED** to send plaintiff a copy of defendant's Motion to Dismiss along with a copy of this Order.

The Court ultimately reopened default. Docs. 24, 28. Because the Motion to Dismiss remained pending, defendant requested a stay of discovery generally, doc. 32, and a motion for extension of time to respond to plaintiff's discovery requests, doc. 35. Accordingly, the Court now takes a preliminary peek at the defendant's Motion to Dismiss to determine whether a stay is appropriate.

The Court has broad discretion to stay discovery pending the resolution of a dispositive motion. *See S. Motors Chevrolet, Inc. v. Gen. Motors, LLC,* 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014). The Court has conducted the "preliminary peek" at the dismissal motion. S*ee, e.g., McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). The motion to dismiss argues that plaintiff failed to exhaust his administrative remedies. Doc. 23 at 5-6. As this would require the dismissal of plaintiff's claim, the Court concludes that a stay is appropriate. As a result, defendant's motion, Doc. 32, is **GRANTED** and all deadlines in this case are **STAYED** until defendant's motion to dismiss is resolved. As to the request for an extension of time to respond to plaintiff's discovery, doc. 35, defendant shall have 30 days from the date the Court rules on the motion to dismiss to respond. Because the Court concludes that a stay of discovery is

appropriate, plaintiff's Motion to Direct defendant to respond to discovery, doc. 33, is **DENIED**.

Plaintiff has also requested that the Court appoint him counsel. In this civil case, plaintiff has no constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (*citing Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright,* 562 F. App'x at 777 (*citing Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 889 F.2d 1088 (11th Cir. 1990) (*citing Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (*quoting*

4

*Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

Though plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *See, e.g., Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id.* (*citing Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015); *Wright*, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at 1091, 1096; *Wahl*, 773 F.2d at 1174). This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel, doc. 31, is **DENIED**.

Finally, plaintiff's original Complaint was docketed as a request for a preliminary injunction and temporary restraining order. Doc. 1. However, he filed an amended complaint indicating that he was seeking declaratory and injunctive relief as a remedy in his complaint. Doc. 8 at 7. As plaintiff

has withdrawn his request for the extraordinary remedies he asserted initially, the Clerk of Court is **DIRECTED** to **TERMINATE** that motion. Doc. 1.[2]

**SO ORDERED,** this 10th day of September, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] To the extent plaintiff still desires to request these remedies, he may file a renewed motion for a preliminary injunction and temporary restraining order within 14 days from the date of this order.