United States District Court
Southern District of Georgia
Savannah Division

Mason Burbank

v.                                    Case No: 4:18-CV-257

Rhett Lermy

Plaintiff's Response to Motion to Dismiss
And Incorporated Motion for Limited Discovery

Comes now Mason Burbank, pro se, in the above styled case and files this response to Defendant's Motion to Dismiss (doc. 23). Burbank also incorporates his motion for limited discovery to support his response.

This complaint involves two separate violations. Both violations were committed by the same defendant against the plaintiff. Both violations involved the same set of circumstances and nearly identical facts. But the first incident happened at the end of September, and the second incident happened on October 31, 2018. Burbank will address each claim individually.

The 11th Circuit stated in Whatley v Warden, Ware State Prison, 802 F.3d 1205, 1212-1213 (11th Cir 2015), that the district court must "accept [Plaintiff's] facts as true and make the exhaustion determination on his view of the facts." The district court must "accept [Plaintiff's] facts as they relate to his attempts to follow the SOP when filing this grievance." The district court "must make specific findings in order to resolve disputed factual issues related to exhaustion."

### September Incident

Lermy has already admitted Burbank has exhausted his administrative remedies for the September claim. Lermy's answer admits Burbank successfully completed the first step of the grievance procedure by complaining to the Jail

Administrator (doc. 29 p. 4 para. IV). Lermy admits Major Jeff Hein spoke with him about the incident.

This court has already made a ruling which addresses this admitted fact. Burbank's complaint, filed in December 2018, passed the initial frivolity review. The R&R dismissed the claim against Hein specifically because he reprimanded Lermy about his actions against Burbank (doc. 9 p. 7).

It also bears mentioning that in Lermy's Motion to Dismiss (doc. 23) there is no claim Burbank ever failed to exhaust his administrative remedies for the September incident. That waives his defense for the September incident for failure to exhaust.

"All circuits that have addressed it have concluded that the PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." Hammett v Cofield, 681 F.3d 945, 947 (8th Cir 2012).

"Once a prisoner has won all the relief available under the institution's administrative procedures, his administrative remedies are exhausted." Thornton v Snyder, 428 F.3d 690, 695-696 (7th Cir 2005)

As the 2nd Circuit put it: "It would be counterintuitive to require inmates who win during the grievance process to appeal their victories." Abney v McGinnis, 380 F.3d 663, 669 (2nd Cir 2004).

It is plain to see and clearly admitted that Burbank exhausted his available administrative remedies for the September claim. The fact that the new Jail Administrator cannot find a document in Burbank's file is merely a record keeping error at the jail. Lermy's own admission and this court's findings fully support Burbank's exhaustion and implies documents are missing at the jail.

## October 31 Incident

Burbank exhausted his available administrative remedies for the October incident prior to filing this action in December 2018. Burbank filed a grievance request form and notified the shift supervisor, Lt. Walthour, the same night.

On or about November 2, 2018, Lt. Donaldson escorted Burbank to Jail Administrator Hein's office. While there, Burbank discussed the pending grievance request. Hein, Burbank, and Donaldson briefly began to review camera footage of the second incident. Hein told Burbank he would continue to investigate and was not going to issue a formal grievance form unless Hein thought it was necessary after further investigation. Hein never spoke to Burbank again and was terminated from his job in December, 2018.

According to the Jail Handbook, the Jail Administrator is the highest level in the administrative procedure. There is no possible appeal from his decision. The October incident was fully exhausted by mid-November, a month before this action was filed.

There seems to be confusion about when I first filed this lawsuit. I had no intention of Doc. 1 being part of a lawsuit. I spelled that out in that motion. There is no possible interpretation of, "This is not a lawsuit," and, "I may file a suit under 42 USCA §1983 if the administrative remedies are not satisfactory" to mean anything else. The future conditional is never mistakeable with the present declarative. I did not file this lawsuit until December 2018.

Ross v Blake, 136 S.Ct. 1850, 1858-1860 (2016), talks about what an "available" administrative remedy is. "Interference with an inmate's pursuit of relief renders the administrative process unavailable," id. at 1860.

Kaba v Stepp, 458 F.3d 678, 684-686 (7th Cir 2006), discusses the availability of administrative remedies when grievance forms are denied to an inmate. "When prison officials prevent inmates from using the administrative process detailed... the process that exists on paper becomes unavailable in reality," id at 684.

In Little v Jones, 607 F.3d 1245, 1250 (10th Cir 2010), the court stated that "district courts are obligated to ensure that any defects in exhaustion

were not procured from the action or inaction of prison officials before dismissing a claim for failure to exhaust," (emphasis added).

### Discovery

Burbank moves this court for limited discovery to prove his exhaustion of both the September and October claims.

1. Burbank asks for a copy of Lermy's disciplinary file. This document will have the verbal reprimand he admitted to in his answer.

2. Burbank asks for a complete copy of his inmate file. The inmate file should contain over 2 years of requests, grievances, grievance requests, etc. Burbank especially wants to discover the grievance request from the beginning of August, 2018, on an unrelated matter.

3. Burbank asks for a copy of his eMessages dated Aug. 8, 2018, and Aug. 10, 2018. These messages are on the jail Kiosk system. These messages are from Jail Administrator Jeff Hein. These messages show the habit and routine practice of Hein to handle grievances and grievance requests. These messages are admissible under Fed. R. Evid. Rule 401 and 406. The messages show Hein undisputibly handling a grievance request without issuing a formal grievance but fulfilling exhaustion under PLRA.

4. Burbank asks for the version of the Inmate Handbook that was in use in September and October 2018. The handbook is only available to inmates in its electronic form on the Kiosk machines in the dorms. The handbook has been modified several times since David Edwards took over as Jail Administrator in January, 2019.

The grievance procedure was modified in 2019. The grievance procedure in place in 2018 stated the procedure began by submitting a detailed request for a grievance. Upon review, the Jail Administrator or Asst. Jail Administrator may issue a formal grievance. ~~Upon review~~ Even with the new procedure in place, grievances cannot in practice be obtained from any Sgt./Lt. We still

must submit a written request first before a grievance may be issued. Burbank refers to the sworn declaration included in doc. 33 for the sworn statements.

Other modifications made to the handbook in 2019 include length of time between haircuts (changed from 30 to 45 days) and the outgoing mail policy (changed to postcards only in Feb. 2019). These changes support Burbank's position that the handbook has changed under the new Jail Administrator despite the handbook cover sheet stating "last revised April 27, 2016."

### Multiple Claims

There are clearly two separate claims. Burbank points to <u>Jones v Bock</u>, 549 U.S. 199, 219-224 (2007), which discusses an action with multiple claims where some are exhausted and some are not. "There is no reason failure to exhaust on one necessarily affects any other," id. at 222.

Since there is no dispute, but an actual admission, the September claim is fully exhausted. This claim should not be dismissed.

The October incident was fully exhausted because the highest level of the grievance procedure actively refused to issue a formal grievance once Burbank began his administrative remedies. Hein stopped the grievance process, not Burbank.

Burbank has also asked for the above listed discovery to offer evidence in support of exhaustion. Lerny is the movant in this dismissal and bears the burden of proving this affirmative defense. Absent any proof, the district court should deny the motion. However, Burbank can go one step further and actually offer evidence that he exhausted all available administrative remedies for both claims. The court need only order limited discovery.

The 5th Circuit explained, "As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." <u>Days v Johnson</u>, 332 F.3d 863, 866 (5th Cir 2003).

Wherefore Burbank prays this Honorable Court DENY Defendant's Motion to Dismiss (doc. 29). In the alternative, Burbank asks this Honorable Court to DENY Defendant's Motion to Dismiss regarding the September incident and ORDER Defendant to comply with limited discovery.

This the 16th day of September, 2019.

Mason Burbank 99577
Liberty County Jail
180 Paul Sikes Dr
Hinesville, GA 31313

I swear under penalty of perjury the above is true and correct under penalty of perjury. Executed the 16th day of September, 2019, in Liberty County, Georgia

Mason Burbank

Certificate of Service

This certifies I have served a copy of the foregoing by placing it in the U.S. Mail with appropriate postage thereon and addressed as follows:

Clerk's Office
U.S. District Court
P.O. Box 8286
Savannah, GA 31412

Wesley Jackson
Freeman, Mathis, and Gary
100 Galleria Pkwy
Ste 1600
Atlanta, GA 30339

This the 16th day of September, 2019.

Mason Burbank 99577
Liberty County Jail
180 Paul Sikes Dr
Hinesville, GA 31313

United States District Court
Southern District of Georgia
Savannah Division

Mason Burbank

v.                                    Case No: 4:18-cv-257

Rhett Lermy

Order

Plaintiff fully exhausted his available administrative remedies for both the September and October claims prior to filing this §1983 action.

Defendant's Motion to Dismiss is DENIED for the September claim and DENIED for the October claim.

The STAY on Discovery is now LIFTED. Defendant has 30 days from the filing of this order to forward all pending discovery requests to the plaintiff.

The court scheduling order is EXTENDED by 14 DAYS.

This the ___ day of _____, 2019.

x_____
U.S. District Court Judge

JACKSONVILLE FL 320

15 SEP 2019 PM 2 L

Cleared — U.S. Marshals Service

Liberty County Jail
80 Paul Sikes Drive
Hinesville, GA 31313

Clerk's office
U.S. District Court
P.O. Box 8286
Savannah, GA 31412

31412-828686

Mason Burbank 99577
Liberty County Jail - 2B
180 Paul Sikes Dr
Hinesville, GA 31313