IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MASON BURBANK, | * |
| | * |
| Plaintiff, | * CIVIL ACTION FILE |
| | * NO. 4:18-cv-00257-WTM-CLR |
| v. | * |
| | * |
| OFFICER RHETT LERMY, | * |
| | * |
| Defendant. | * |
| | * |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**

COMES NOW defendant Rhett Lermy and files this reply brief in support of his Motion to Dismiss (Doc. 23) pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), showing the Court as follows:

## I. INTRODUCTION

Defendant moved to dismiss the Amended Complaint because plaintiff has failed to exhaust his administrative remedies. (Doc. 23.) Specifically, in his initial Complaint (dated November 1, 2018), plaintiff specifically admitted that he had not completed the administrative remedies process with respect to an incident he alleges occurred on October 31, 2019—the day before he dated his Complaint. In response to the motion to dismiss, plaintiff argues that his Complaint really addresses two separate incidents: the first occurring at some unspecified time in September, 2018, and the other occurring on October 31, 2018. In both incidents, plaintiff claims defendant Rhett Lermy shined a strobe light in his face.

Plaintiff claims to have submitted grievance forms pursuant to the Jail's grievance procedures, but he has not produced copies of those forms and Jail Administrator David Edwards

has declared that the jail has no record of plaintiff ever having submitted grievances for these incidents pursuant to the Jail's policies. (See Doc. 23-1, ¶¶ 5-8.)

Now, plaintiff takes great liberties with the record in an attempt to salvage his procedurally-flawed Complaint from dismissal. He misconstrues defendant Lermy's pleadings to state that Lermy "admitted" plaintiff exhausted his administrative remedies for the undated September, 2018 incident—but Lermy's answer clearly lacks any such admission. With respect to the October 31, 2018 incident, plaintiff claims that when he initiated this action, he did not bring suit under § 1983 and therefore did not have to exhaust his administrative remedies. But plaintiff cannot engage in procedural chicanery to sidestep the requirements of the PLRA.

It is clear on the face of plaintiff's initial Complaint that he did not exhaust his administrative remedies before filing this action, and his Amended Complaint must be dismissed pursuant to the PLRA.

## I.   ARGUMENT AND CITATION TO AUTHORITY

**A.   Plaintiff did not exhaust his administrative remedies before filing suit.**

Plaintiff argues that he exhausted his administrative remedies before filing suit for both the September 2018 and October 31, 2018 incidents. Alternatively, he argues that even if he did not exhaust his administrative remedies for the October 31, 2018 incident before he filed suit on November 1, 2018, he still had exhausted his remedies for the September 2018 incident and the Amended Complaint should proceed on that claim.

Plaintiff is wrong on both fronts: he failed to exhaust his administrative remedies for both the September 2018 and October 31, 2018 incidents before filing suit, and his Amended Complaint is due to be dismissed.

**1.     The September 2018 incident.**

In his response brief, plaintiff claims defendant Lermy either admitted that plaintiff exhausted his administrative remedies or, alternatively, waived that argument by not raising it in his motion to dismiss. Plaintiff is wrong on both fronts, and plaintiff has failed to show that he exhausted his administrative remedies for the undated September, 2018 incident.

Plaintiff's argument the Lermy admits in his answer that plaintiff exhausted is administrative remedies is simply false. (See, e.g., Doc. 27, p. 1 ("Lermy has already admitted Burbank has exhausted his administrative remedies for the September claim. Lermy's answer admits Burbank successfully completed the first step of the grievance procedure by complaining to the Jail Administrator."), p. 2 ("Lermy's own admission and this Court's findings fully support Burbank's exhaustion and implies documents are missing at the jail."), p. 5 ("Since there is no dispute, but an actual admission, the September claim is fully exhausted.").)

In his Amended Complaint, Paragraph IV contains a statement of plaintiff's claim. (Doc. 8, ¶ IV.) With respect to the September 2018 incident, plaintiff states: "Nurse Guzman advised [Lermy] I have seizures and he cannot play with me like that. After the first grievance, he was talked to by Defendant Hein." (Id.) Lermy answered this allegation by stating: "defendant admits only that he checked plaintiff's mouth to verify he had taken pills prescribed to him, and that plaintiff **informally** complained to the Jail Administrator who discussed the incident with defendant. Defendant **denies** any remaining allegations in this paragraph." (Doc. 29, p. 4, ¶ 4 (emphasis added).)

Admitting only that plaintiff informally complained to the jail administrator who merely "discussed" the incident with defendant is a far cry from admitting plaintiff had exhausted his administrative remedies, as plaintiff claims. Indeed, it is plain from plaintiff's pleadings and brief

3

that he did not even initiate formal grievance procedures, but instead simply gave a verbal complaint about the incident to a nurse. (Doc. 8, ¶ IV.) Nowhere in any of his pleadings or briefs does plaintiff allege or suggest he submitted any written grievance, as required under the Jail's grievance procedures.

Plaintiff also argues that Lermy "waived" his right to argue that plaintiff failed to exhaust the available administrative remedies for the September 2018 incident because he did not raise that failure in his motion to dismiss. (Doc. 37, p. 2.) That is inaccurate. Defendant specifically argued in his motion to dismiss that while plaintiff alleged he filed "grievance requests for both instances," "the Jail has no record of such requests." (Doc. 23, pp. 6-7 (citing Doc. 23-1, ¶¶ 5-8); see also Doc. 23-1, ¶ 5 ("There is no record of Burbank submitting a request for a grievance form, a grievance form, or an appeal to any determinations on any grievances with respect to alleged misconduct of Deputy Rhett Lermy in September and October 2018."), ¶ 8 (". . . the Jail has no record at all of ever receiving a Grievance Form or Request Form with respect to the undated September 2018 incident.").) Clearly, defendant Lermy raised plaintiff's failure to exhaust his administrative remedies in his motion to dismiss and supporting declaration, and he therefore has not waived that argument.

Additionally, plaintiff suggests that the Court's frivolity review precludes defendant Lermy from arguing that plaintiff failed to exhaust his administrative remedies with respect to the undated September 2018 incident. (Doc. 37, p. 2.) That is not the case. the Court's frivolity determination is no obstacle to its consideration of defenses raised by a Rule 12 motion. Trupei v. United States, 304 F. App'x 776, 780-81 (11th Cir. 2008); see also 28 U.S.C. § 1915(e)(2) (requiring a court,

4

acting *sua sponte*, to dismiss a case "at any time" if the court determines that the action fails to state a claim on which relief may be granted).[1]

Finally, plaintiff attempts to dismiss Jail Administrator Edward's declaration that the Jail never received a grievance form from plaintiff by suggesting that the omission is "merely a record keeping error at the jail." (Doc. 37, p. 2.) However, it bears noting that plaintiff *never* alleges he submitted a written grievance for the September 2018 incident, either in his Complaint, Amended Complaint, or his brief. The only details about this "grievance" is that he made a verbal complaint to Nurse Guzman. (Doc. 8, ¶ IV.)

Accordingly, plaintiff has not adequately alleged or shown that he followed the Jail's written procedures for filing a grievance with respect to the undated September 2018 incident, and he has failed to exhaust his administrative remedies for that incident.

### 2. The October 31, 2018 incident.

With respect to the October 31, 2018 incident, plaintiff argues that he filed this action in "December 2018," despite the fact that he dated the original Complaint November 1, 2018. (See Doc. 1, p. 1.) This is a transparent attempt to alter the timeline of plaintiff's grievances for the October 31, 2018 incident: because defendant's motion to dismiss educated plaintiff that he cannot, as a matter of law, exhaust his administrative remedies *after* filing a complaint, he now argues that he did not *really* file this action until his Amended Complaint on December 27, 2018. (See Doc. 8, p. 6.)

---

[1] The language in 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a court to dismiss at any time an in forma pauperis action that "fails to state a claim on which relief may be granted") is "nearly identical" to the screening provision of 28 U.S.C. § 1915A(b) (requiring a court to dismiss a prisoner's complaint that "fails to state a claim upon which relief may be granted."); and this Court has utilized the Eleventh Circuit's interpretations of § 1915(e) when applying the identical language of § 1915A. See Grovner v. Glynn Cnty. Dist. Attorney's Office, CV 207-102, 2007 WL 4200770, at *1 (S.D. Ga. Nov. 21, 2007) (applying the Eleventh Circuit's interpretation of § 1915(e) in Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) to § 1915A).

The PLRA could not be clearer: an inmate or pretrial detainee cannot initiate *any* action under § 1983 or Federal law without first exhausting the available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Federal courts have made clear that the exhaustion requirement must be satisfied *before* an inmate initiates a lawsuit. By its plain language, the PLRA mandates "*[n]o action shall be brought*" by an inmate "until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). As observed by the Seventh Circuit:

> Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be decided. It says, rather, that "*no action shall be brought* with respect to prison conditions . . . *until* such administrative remedies as are available are exhausted." Perez violated § 1997e(a) by filing his action. Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*.

Perez v. Wis. Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999); see also Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation."); O'Connor v. Carnahan, No. 3:09cv224/WS/EMT, 2012 U.S. Dist. LEXIS 83234, at *48-49 n.12 (N.D. Fla. Mar. 27, 2012) ("Amendment of this claim would be futile as under no additional facts could Plaintiff establish that he exhausted his administrative remedies prior to the initiation of this lawsuit. . . . Moreover, the PLRA does not permit exhaustion of remedies while a case is pending."); Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (although plaintiff's administrative remedies were exhausted two days after his complaint was filed, §1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a section 1983 suit, rather than while the action is pending.");

Wimberly v. Nw. Fla. Reception Ctr., No. 5:10cv301/RS/MD, 2011 U.S. Dist. LEXIS 8595, at *7-9 (N.D. Fla. Jan. 4, 2011) (collecting cases).

Even by plaintiff's own account,[2] he did not exhaust his administrative remedies until "mid-November." (Doc. 37, p. 3.) Accordingly, he could not have possibly exhausted his administrative remedies before filing the instant action.

It is important to closely examine plaintiff's argument and understand its implications. Plaintiff essentially argues that the request for a Temporary Restraining Order he filed on November 1, 2018, is separate and distinct for exhaustion purposes from the § 1983 claim he added by amendment on December 27, 2018. Thus, by plaintiff's logic, it matters not that he did not exhaust his administrative remedies before seeking the TRO, and he can amend his Complaint requesting a TRO to include a § 1983 claim *after* exhausting his administrative remedies.

However, plaintiff's procedural machinations violate the spirit and letter of the PLRA and completely undermine that legislation's goal of curtailing excessive prisoner complaints. By its very terms, the PLRA states "[n]o *action* shall be brought" by an inmate "until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). It does not state "no *claim* shall be brought" until administrative remedies are exhausted. Accordingly, plaintiff was required to exhaust his administrative remedies before he filed the request for a TRO on November 1, 2018. Allowing plaintiff to essentially abandon his request for a TRO after he amends his Complaint to include a § 1983 claim arising from the same incident would effectively allow plaintiff to sidestep

---

[2] Defendant does not concede that plaintiff properly exhausted his administrative remedies for purposes of the October 31, 2018 incident. (See Doc. 23-1, p. 3-4, ¶¶ 5-8.) Even so, plaintiff admits in his own pleadings and submissions that he did not exhaust his administrative remedies until after he filed the November 1, 2018 complaint.

the PLRA's exhaustion requirement by asserting a sham TRO request before he exhausts his administrative remedies.[3]

Plaintiff's attempt to revive this action by amending his Complaint *after* he purportedly exhausted his administrative remedies violates the spirit and letter of the PLRA in another respect: he is essentially attempting to assert multiple claims (i.e., the request for injunctive relief and the subsequent § 1983 claim) without incurring "strikes" under 28 U.S.C. § 1915(g). That provision of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The provision prevents inmates from bringing successive claims *in forma pauperis* if the inmate has incurred three prior "strikes."

Here, plaintiff wants the Court to believe that his request for injunctive relief and his § 1983 claim are separate "lawsuits," such that he can amend the request for injunctive relief to add the § 1983 claim without running afoul of the PLRA's requirement that administrative remedies be exhausted prior to filing any "action." However, such an outcome would allow plaintiff to skirt the "three strikes" provision of § 1915(g) in that the frivolous and abandoned request for a TRO does not count as a "strike" for plaintiff.

---

[3] And indeed, the TRO request was plainly a sham—the Court gave plaintiff the opportunity to renew his request for injunctive relief by September 24, 2019, and plaintiff has failed to do so. (See Doc. 36, p. 6, n.2.)

8

In short, plaintiff is attempting to use a sham request for injunctive relief to jump the gun on a civil claim *before* he exhausts his administrative remedies, all while avoiding the penalty of a "strike" for filing the frivolous request for injunctive relief.

The Court should not allow this abuse of the PLRA. Plaintiff chose to proceed on his request for injunctive relief on November 1, 2018, *before* he exhausted his administrative remedies as required by the PLRA. He cannot revive the procedurally-flawed Complaint by amending it to assert a "new" § 1983 claim—based on the same facts as the request for injunctive relief. Accordingly, the Court should dismiss plaintiff's Amended Complaint for failing to exhaust his administrative remedies.

**B.     No additional discovery is needed.**

No additional discovery is needed to establish that plaintiff failed to exhaust his administrative remedies before filing suit. As noted above, plaintiff has not made any allegations or showing that he followed the proper grievance procedures with respect to the September, 2018 incident. At most, he simply made a verbal complaint to a nurse. As for the October 31, 2018 incident, it is clear from the pleadings that plaintiff did not exhaust his administrative remedies for that incident before he filed suit the very next day—on November 1, 2018.

Accordingly, the record before the Court is sufficient to establish that plaintiff failed to exhaust his administrative remedies. There are no conflicts of fact for the Court to resolve, and no additional discovery is necessary. The Court should deny plaintiff's request for limited discovery on the exhaustion defense.

## II.     CONCLUSION

For the reasons discussed above and in defendant's initial motion, plaintiff failed to exhaust his administrative remedies before filing suit. His Amended Complaint should therefore be dismissed.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wesley C. Jackson*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com

Attorneys for Defendant Rhett Lermy

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants, and have mailed via United States Postal Service, postage prepaid, to:

Mason Burbank 99577
Liberty County Jail
180 Paul Sikes Dr.
Hinesville, GA 31313

This 2nd day of October, 2019.

　　　　　　　　　　　　　　　　　　　　*/s/ Wesley C. Jackson*
　　　　　　　　　　　　　　　　　　　　Sun S. Choy
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 025148
　　　　　　　　　　　　　　　　　　　　schoy@fmglaw.com
　　　　　　　　　　　　　　　　　　　　Wesley C. Jackson
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 336891
　　　　　　　　　　　　　　　　　　　　wjackson@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
 Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960