UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MASON BURBANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV418-257 |
| | ) |
| OFFICER RHETT LERMY, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Mason Burbank's 42 U.S.C. § 1983 complaint against Officer Rhett Lermy was approved for service (docs. 9 & 11) and a waiver of service was returned executed by Officer Lermy on March 8, 2019 (doc. 12 at 2). Lermy filed a Motion to Dismiss, doc. 23, and after a small procedural hubbub, doc. 36, plaintiff responded, doc. 37. Plaintiff also filed a Motion for Discovery, doc. 38. Both of these motions are now ripe for review. For the following reasons, the Motion to Dismiss should be **GRANTED**, doc. 23, and the Motion for Discovery should be **DENIED**, doc. 38.

## BACKGROUND

In September 2018 as Burbank was taking his seizure medication, Officer Laramie checked his mouth to verify that he swallowed his pills. Doc. 8 at 6. Lermy then flashed his flashlight into Burbank's eyes, and "purposefully hit the strobe function." *Id*. A nurse intervened, chastising Lermy that he couldn't "play" like that. *Id*. Burbank alleged that he filed a grievance, and Administrator Hein spoke with Lermy. *Id*. Lermy, however, seized his next opportunity and flashed the strobe light in Burbank's eyes at an October 31, 2018 pill call. *Id*. The same nurse, and two other inmates, witnessed the incident. *Id*. Burbank filed another grievance, and this suit, seeking an injunction and restraining order to keep Lermy away from him as well as nominal and punitive damages. *Id*. After all, he alleges, "seizures can be fatal and Laramie (sic) knew [Burbank] could die by his actions." *Id*.

Plaintiff then filed a "Motion for Preliminary Injunction and Temporary Restraining Order," on November 1, 2019, doc. 1, and the Court determined that he was authorized to proceed IFP, doc. 5. Notably, the "motion" stated that Plaintiff "prays this Honorable Court to grant these protections to prevent immediate loss of life while grievance

2

procedures are completed, authorized under Rule 65 of FRCVP." Doc. 1 at 1.  In January of 2019, he filed an Amended Complaint listing both requests for injunctive relief as well as damages. Doc. 8 at 7. Defendant's motion to dismiss alleges that plaintiff failed to exhaust his administrative remedies prior to filing his initial request for injunctive relief and attaches an affidavit from Major David Edwards, the Liberty County Jail Administrator attesting to the fact that the jail is not in receipt of any grievance forms from plaintiff. Doc. 23-1.

Burbank's response argues that Lermy admitted that Burbank exhausted his administrative remedies as to the first incident, and that Burbank also exhausted his administrative remedies as to the second incident before he filed the *amended complaint* in December of 2018. Doc. 37 at 2-3. Specifically, he alleges that on November 2, 2018, he discussed a pending grievance with a Lt. Donaldson who told him that he would continue to investigate the complaint. *Id*. at 3. He also alleges that "he had no intention" of his first complaint being part of a lawsuit. *Id*. He alleges instead that he did not file a lawsuit until December when he filed his Amended Complaint. *Id*.

## ANALYSIS

Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies *before* filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999), *aff'd in part and vacated and remanded on other grounds by Harris v. Garner*, 216 F.3d 970 (2000) (*en banc*); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA"). When a defendant moves to dismiss and puts forward proof showing that plaintiff failed to exhaust and defendant did not inhibit his efforts to do so, the PLRA requires the Court to dismiss the unexhausted claims.[1] *See Turner v. Burnside*, 541 F.3d 1077, 108-83 (11th Cir. 2008) (describing the two-

---

[1] Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

prong "facial" and "factual" evaluation of exhaustion as a "matter in abatement," as it is a precondition to suit, not an adjudication on the merits); *Harris*, 190 F.3d at 1285-86. Simply put, if an administrative remedy is "available," it *must* be exhausted. 42 U.S.C. § 1997e(a).

Liberty County Jail maintains a grievance procedure. Doc. 23-1. Notably, plaintiff does not allege that he was unaware of the grievance procedure when his complaints arose. Under the procedure, an inmate must request an Inmate Grievance Form and complete and submit the Form within five days of the date of the occurrence. *Id*. The Assistant Jail Administrator must respond within fifteen days and if the response is unsatisfactory, the inmate has three days to appeal to the Jail Administrator, who must then respond within ten days. *Id*. Because an administrative grievance procedure was in place and available for Burbank's use, he was required to file a grievance and fully exhaust all of his available administrative remedies *prior* to filing his Complaint. *See Johnson*, 418 F.3d at 1156.

Exhaustion of Burbank's administrative remedies is disputed here, at least as it applies to his amended complaint. Defendant alleges that there is no record of any filed grievance, doc. 23-1 at 3, while plaintiff

5

alleges that he did file these grievances and that—for a variety of reasons—they were otherwise disposed of. *See* doc. 40 at 2 ("The first (September) incident was resolved in my favor after Major Hein received the grievance request. [] The second (October) incident grievance request was ignored until time expired.")  Even if plaintiff *were* correct and he had exhausted his administrative remedies prior to filing his amended complaint, he does not place that information in the record as his affidavit is devoid of dates.  What is not in dispute, however, is that plaintiff had not exhausted either of these remedies when he filed his initial complaint, albeit titled as a "Motion," seeking a preliminary injunction and temporary restraining order.  Doc. 1 (dated November 1, 2018 and filed November 5, 2018 stating that he was seeking relief "while grievance procedures are completed").[2]

---

[2] Even construing Burbank's arguments liberally to contend that any failure to exhaust was caused by those remedies' unavailability, *see* doc. 1 at 3; *see also Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1859 (2016) (prisoners need only exhaust those remedies which were available to them), plaintiff fails to demonstrate an exception to the PLRA's procedural bar.  Three circumstances can render an administrative remedy, "although officially on the books," unavailable: (1) where the administrative procedure "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when administrative remedies are so confusing that they are "essentially 'unknowable'"; or (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1859-60.  Burbank makes no such allegations here.  Indeed, any such allegation is contradicted by his concession that his first administrative complaint was "resolved in his favor."

6

Ultimately, Burbank's challenge is not a factual dispute as to whether he exhausted his administrative remedies, but rather whether his initial filing constitutes a "complaint," subject to the exhaustion requirements.[3] He claims that he did not wish to file a complaint when he first requested injunctive relief in November, but that he instead filed his "real" complaint when in December—when presumably all of his remedies would have been properly exhausted. However, the Eleventh Circuit Court of Appeals has made clear that a prisoner must first exhaust his administrative remedies at the time an action is filed, and that this failure is not cured by a subsequent amended complaint. *Smith v. Terry*, 491 F. App'x 81 (11th Cir. 2012); *see also Harris v. Garner*, 216 F.3d 970, 981 (11th Cir.2000) ("No amendment or supplement to a pleading can change a historical fact...."); *Fails v. Sec'y, FDOC*, 2014 WL 4092262, at *1 (N.D. Fla. Aug. 19, 2014) ("The law of the circuit is that belated exhaustion, followed by an amended complaint, does not cure the initial failure to exhaust."); *O'Connor v. Carnahan*, 2014 WL 293457, at *4 (N.D. Fla. Jan. 27, 2014).

---

[3] Contrary to plaintiff's assertions, nothing in defendant's Motion to Dismiss suggests that they have conceded a properly filed grievance.

The Court will not construe plaintiff's filing of a request for injunctive relief as anything other than what it is, a complaint initiating an action against the defendants.[4] The fact that he had initiated a proceeding was made clear to Burbank at the time the Court sent him a deficiency notice for failing to either pay or move to proceed *in forma pauperis* ("IFP"). Doc. 2. The Court also warned Burbank of PLRA's requirement that he exhaust when it granted him leave to proceed IFP, and allowed him the opportunity to withdraw his claims if he felt that he had not complied with these requirements. Doc. 5 at 2-4. Despite these warnings, plaintiff proceeded. He returned his PLRA forms as requested by the Court, along with an amended complaint that requested damages as well as re-raised his requests for injunctive relief.[5] Notably, the reason for his complaints did not change, he still relied on the same two factual scenarios (i.e. the September and October strobing) to support his request for damages. The Court will not allow plaintiff to recharacterize his claim as something other than what it was—the initiation of a proceeding

---

[4] The Federal Rules of Civil Procedure make it clear that the *only* means of commencing an action is filing a complaint. Fed. R. Civ. P. 3.

[5] As a result, the Court ultimately terminated his initial "motion." Doc. 36.

subject to PLRA's requirements—in an effort to skirt the exhaustion rules laid down by statute and the 11th Circuit.

Because plaintiff had not exhausted his administrative remedies at the time he filed his initial complaint, doc. 1, defendant's motion should be **GRANTED** and his claims should be **DISMISSED** as **UNEXHAUSTED**. Because the Court recommends the grant of plaintiff's motion to dismiss, his motion for discovery should be **DENIED**. This dismissal should be without prejudice, and—as presumably Burbank has exhausted his administrative remedies now, he may refile if he so desires.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of March, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA